1   LAWRENCE G. BROWN
    Acting United States Attorney
2   KELLI L. TAYLOR
    Assistant U.S. Attorney
3   501 I Street, Suite 10-100
    Sacramento, California  95814
4   Telephone: (916) 554-2741

5   Attorneys for the United States of America

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10                                        )   CASE NO. 1:02-cv-05509-SMS
     STANLI MAE THROCKMORTON              )
11   TERBUSH; JAMES W. TERBUSH, Heirs at  )
     law and successor in interest; PETER JAMES )
12   TERBUSH, Decedent,                   )   **STIPULATION FOR**
                                          )   **CONFIDENTIALITY OF LiDAR DATA** ;
13              Plaintiff(s),             )   **ORDER**
                                          )
14   v.                                   )
                                          )
15                                        )
     UNITED STATES OF AMERICA,            )
16                                        )
                Defendant.               )
17

18        THE PARTIES HERETO, BY AND THROUGH THEIR ATTORNEYS OF RECORD,

19   HEREBY STIPULATE AND AGREE AS FOLLOWS:

20             **STIPULATION RE: CONFIDENTIAL INFORMATION**

21        1. For the purpose of this Stipulation, "document" shall mean the National Park Service LiDAR

22   data.

23        2. The National Park Service LiDAR data is confidential, proprietary information until such

24   time as that information is made available for public use.

25        3. Until the LiDAR data is made publicly available, Plaintiffs, including their experts,

26   consultants and others, are obligated to protect the proprietary LiDAR information and may utilize it

27   only for purposes of evaluating the matters at issue in this litigation, which include evaluation of the

28   expert reports presented by the United States of America and for Plaintiffs to form their opinions, for

Stipulated Confidentiality Agreement            1

1   use only in this case, regarding the cause of the June 13, 1999 rockslide that killed Peter Terbush.

2   Plaintiffs and their experts agree not to use, reproduce or discuss the LiDAR data that is provided by the

3   United States in this case in any context outside this litigation or with any persons or entities not

4   involved in this litigation until such time as this LiDAR information is made publicly available.

5       4. The LiDAR data produced by the United States in this action is subject to this Stipulation,

6   and neither it, nor information or opinions derived therefrom, shall not be used by Plaintiffs or their

7   experts, consultants, or others to whom such documents or materials are disclosed, for any purpose

8   other than preparation for trial and trial of this action, or for settlement thereof, and only in the manner

9   prescribed herein.

10      5. If documents and/or information deemed confidential are filed with the court for purposes of

11  law and motion, they shall either be (1) redacted to omit the sensitive, confidential, private and/or

12  proprietary information if that information is not relevant to the purposes for which the document is

13  being filed, or (2) filed under seal and marked "CONFIDENTIAL."  Such documents or testimony filed

14  under seal shall only be opened by the court or by personnel authorized to do so by the court and not

15  made part of a publicly accessible court file.  The United States anticipates providing the Court with a

16  disc of the LiDAR data marked confidential when its expert reports are filed.

17      6. Disclosure of the LiDAR data that is deemed confidential shall be restricted solely to the

18  following persons, who are bound by the terms of this Stipulation, unless additional persons are agreed

19  upon and stipulated to in writing by counsel or authorized by the Court:

20      a. Counsel for any party to the above-captioned litigation, including all employees of counsel's

21      law firms or offices, such as (without limitation) attorneys, paralegals, secretaries, assistants,

22      stenographical and clerical employees;

23      b. Those persons retained by any party herein for the purposes of furnishing consulting expert

24      services or for giving expert testimony in this matter. Any such expert or consultant shall be

25      shown a copy of this Stipulation and affirmatively agree to be bound by its terms before

26      receiving documents and/or information deemed confidential.  Such consultants and experts

27      agree not to use the data for any purposes outside of this litigation including they agree not to

28      use these materials in reports, articles, classes, or for any other non-litigation related purpose

Stipulated Confidentiality Agreement          2

and agree not to share or discuss this material with anyone outside the context of this litigation including, without limitation, students, colleagues, publishers, or others. To the extent that the retained experts or consultants need to share the data with other assisting them in this action, those additional persons shall also be provided a copy of this stipulation and expressly agree, and adhere to, the terms herein. Plaintiffs' counsel shall retain a list of all persons provided this data and in the event a breach occurs, inform and identify for the United States all persons who received the data;

c. Employees or officers of the parties whose job responsibilities relate to the matters at issue in this action and whose review of the documents and/or testimony is necessary and proper to assist the party in preparation for trial and trial of this action, or for settlement thereof;

d. The court and its personnel, including but not limited to, stenographic reporters employed by the court or engaged at a party's request during this litigation;

e. A witness during the course of his or her deposition if the attorney disclosing the document and/or information first has shown the deponent a copy of this stipulation and the deponent has been requested to affirmatively agree on the deposition record to be bound by its terms, and if the deponent would have seen the document and/or information in the ordinary course of his or her business. A witness' refusal to be bound by the stipulation shall not thwart the deposition and the deposition will continue regardless leaving it up to any counsel to seek a protective order as to that witness. Under no circumstances shall the witness be entitled to a copy of any documents deemed confidential.

7. Each party shall take reasonable steps in storing documents and/or information deemed confidential to limit access to those persons who are authorized under the terms of this stipulation to inspect, review, or receive such documents and/or information.

8. Whenever documents and/or information deemed confidential are to be disclosed in a deposition or other hearing or proceeding, any party may exclude from the room any person, other than the persons designated as authorized pursuant to the terms of this stipulation, for that portion of said deposition, hearing or proceeding. Nothing in this stipulation shall limit any party from introducing documents and/or information deemed confidential into evidence at trial, subject to the introducing

Stipulated Confidentiality Agreement                3

1  party giving prior notice of its intent to do so, and subject to any party's right to seek further protection

2  from the court.

3          9. Upon final determination of this action, including all appeals therefrom, copies of all

4  documents and/or information produced by the National Park Service or Federal Government and

5  deemed confidential shall be returned to counsel for the United States.  In order to comply with this

6  provision,  it will be necessary for the attorneys for parties receiving confidential information to retrieve

7  all copies of confidential documents from their clients, experts, consultants and/or anyone else

8  authorized to receive copies of such confidential information.  Notwithstanding the foregoing, the

9  parties may retain all pleadings, briefs, memoranda, and other documents containing their own work

10  product, which refer to or incorporate confidential information and will continue to be bound by the

11  terms of this stipulation with respect to all such retained information.

12          This stipulation shall govern the production and disclosure of all documents and/or information

13  produced or disclosed in this case, both before and after entry of this stipulation.

14  IT IS SO STIPULATED.

15                                              LAWRENCE G. BROWN
                                                Acting United States Attorney
16
    Date: June    , 2009                         */s/ Kelli L. Taylor*
17                                              By: Kelli L. Taylor
                                                Assistant United States Attorney
18                                              Counsel for the United States

19

20
    Date: June    , 2009                         */s/ Dugan Barr*
21                                              By: Dugan Barr
                                                Barr & Mudford
22                                              Counsel for Plaintiff

23

24
    Date: June    , 2009                         */s/ Chester F. Watts*
25                                              By: Dr. Chester F ("Skip") Watts
                                                Plaintiffs' Retained Expert
26

27

28

    Stipulated Confidentiality Agreement            4

ORDER

Pursuant to the parties stipulation, and good cause appearing, the Court hereby deems as confidential the LiDAR data belonging to the National Park Service and United States of America.  The Court hereby authorizes the United States to label that data as confidential and submit it on disc at the time of their expert disclosures and not make it part of this Court's electronic file.  The Court further orders that a copy of the data also be sent on disc to Plaintiffs' counsel at that same time.  This Court also hereby Orders that the LiDAR data be labeled confidential and treated as such for purposes of this litigation and precludes Plaintiffs, and their experts, consultants, or others, from using the LiDAR data for any purpose outside the context of this litigation including, without litigation, precluding the sharing of this information with persons or entitles not associated with this litigation or using the LiDAR data for non-litigation related purposes such as for publication, articles, classes, or non-litigation related purposes.

IT IS SO ORDERED.

**Dated:    June 29, 2009          _____ /s/ Sandra M. Snyder _____**
                                             UNITED STATES MAGISTRATE JUDGE

Stipulated Confidentiality Agreement          5