```
1  BENJAMIN B. WAGNER
   United States Attorney
2  KELLI L. TAYLOR
   Assistant United States Attorney
3  JASON EHRLINSPIEL
   Assistant United States Attorney
4  501 I Street, Suite 10-100
   Sacramento, California  95814
5  Telephone:  (916) 554-2741
   Facsimile:  (916) 554-2900
6
   Attorneys for the United States of America
7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLI MAE THROCKMORTON TERBUSH; JAMES W. TERBUSH, Heirs at law and successor in interest; PETER JAMES TERBUSH, Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:02-cv-05509-SMS<br><br>SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER THEREON |

It is hereby stipulated by and between Plaintiffs STANLI MAE THROCKMORTON TERBUSH; JAMES W. TERBUSH, Heirs at law and successor in interest; PETER JAMES TERBUSH, Decedent, ("Plaintiffs") and Defendant the UNITED STATES OF AMERICA, collectively referred to as the "Settling Parties", and their undersigned attorneys as follows:

1. On May 3, 2002, Plaintiffs filed a complaint for damages arising from the June 13, 1999, death of their son, Peter Terbush, in Yosemite National Park. On July 15, 2002, the United States answered the Plaintiffs' Complaint denying the allegations therein and asserting numerous affirmative defenses. Extensive litigation, discovery and motions followed. On December 8, 2005, the District Court granted the United States' Motion to Dismiss on the grounds that the discretionary function exemption applied to Plaintiffs' claims and thus the court lacked subject matter jurisdiction of the

1  lawsuit.  Plaintiffs appealed.  On February 21, 2008, the Ninth Circuit upheld the dismissal of the failure
2  to warn claims and those regarding the design, construction, and development (including situate, control,
3  management, repair, operation and supervision) of the wastewater facilities.  *Terbush v. United States,*
4  516 F.3 1125 (2008).  Although the Ninth Circuit agreed that the discretionary function exception can
5  apply to maintenance issues, it remanded this issue because the record was insufficient to rule as a matter
6  of law on this claim.  *Id.*  Thereafter, additional extensive litigation, discovery and motions followed,
7  including the filing of another motion to dismiss by the United States.  On January 28, 2010, the district
8  court again granted the United States' motion to dismiss.  On February 5, 2010, the United States timely
9  filed a cost bill seeking $15,210.04 in costs for this case.
10          2.      The Settling Parties hereby agree to settle and compromise each and every claim of any
11  kind, whether known or unknown, including right to appeal, arising directly or indirectly from the acts or
12  omissions that gave rise to the above-captioned action under the terms and conditions set forth in this
13  Stipulation.  Specifically, the United States agrees to waive all costs and expenses incurred in the
14  defense of this action in full settlement and satisfaction of any and all claims, demands, rights, and
15  causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and
16  unknown, foreseen and unforeseen bodily and personal injuries and death, damage to property and the
17  consequence thereof, resulting, and to result, from the subject matter of this action, including any claims
18  by Plaintiffs or their heirs, executors, administrators, or assigns, and each of them, now have or may
19  hereafter acquire against the United States arising from issues involved in this litigation.
20          3. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the
21  waiver of costs set forth in paragraph 2 as full settlement and satisfaction of any and all claims, demands,
22  rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all
23  known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the
24  consequences thereof that they may have or hereafter acquire against the United States and its agents,
25  servants, contractors, and employees on account of the same subject matter that gave rise to this action,
26  including any appeal rights and/or future claim or lawsuit of any kind or type whatsoever, whether
27  known or unknown, and whether for compensatory or exemplary damages.  Plaintiffs and their heirs,
28  executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United

States and its agents, servants, contractors and employees from and against any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims arising from the subject matter of this action.

4. Plaintiffs' undersigned attorney represents that he has explained, and Plaintiffs warrant and represent that they intend, that this Stipulation shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing [this] Release, which if known by him must have materially affected his settlement with the debtor.

5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or its agents, servants, contractors, or employees, and it is specifically denied that they are liable to Plaintiffs. In fact, the United States has at all times denied liability in this case. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of appeal and/or further litigation.

6. The Settling Parties agree that they will each bear their own costs, fees, and expenses; that no attorney's fees or litigation or expert expenses owed by Plaintiffs will be paid by the defendant; and that all outstanding or future litigation related bills and liens will be the sole responsibility of Plaintiffs. The United States agrees to withdraw the pending memorandum of costs upon the court's approval of this stipulation and entry of order thereon.

7. The Settling Parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

8. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

9. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the

entire agreement between the Settling Parties; and that the terms of this Stipulation are contractual and not mere recitals.  This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.  All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

    10. Each person executing this Stipulation represents that he or she has read and understands its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

    11. The parties agree that this settlement can be executed in counterparts and that not all signatures need to appear on the same page.

    12. The above-captioned action is hereby DISMISSED WITH PREJUDICE in its entirety and, upon approval by the Court as provided below, the Clerk of the Court is requested to enter this dismissal and release in the official docket.

    13. Notwithstanding the entry of a dismissal herein, the Settling Parties hereby stipulate that Hon. Sandra Snyder, Magistrate Judge, shall retain jurisdiction to enforce the terms of this compromise settlement.

IT IS SO STIPULATED.

DATED: May 4, 2010            BENJAMIN B. WAGNER
                                     United States Attorney

                        By    */s/ Kelli L. Taylor*
                                 KELLI L. TAYLOR
                                 Assistant U.S. Attorney
                                 Attorneys for the United States of America

DATED: April 26, 2010        BARR AND MUDFORD

                        By    */s/ Dugan Barr*
                                 DUGAN BARR
                                 Attorneys for Plaintiffs STANLI MAE
                                 THROCKMORTON TERBUSH; JAMES W. TERBUSH,
                                 Heirs at law and successor in interest; PETER JAMES
                                 TERBUSH, Decedent

1 | DATED: April 27, 2010     By    */s/ Stanli Mae T. Terbush*
STANLI MAE THROCKMORTON TERBUSH, Heir at law and successor in interest; PETER JAMES TERBUSH, Decedent

DATED: April 27, 2010     By    */s/ James W. Terbush*
JAMES W. TERBUSH, Heir at law and successor in interest; PETER JAMES TERBUSH, Decedent

ORDER

Pursuant to the Settling Parties' stipulated settlement, and good cause appearing, the Court hereby approves the stipulated settlement and orders this action dismissed with prejudice with Plaintiffs to waive all appeal rights and the Secretary to waive her right to collect costs with prejudice and per the other terms and conditions set forth in the settlement agreement.

IT IS SO ORDERED.

**Dated: May 4, 2010**        **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE

5